UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Bianey GARCIA PEREZ, Maria MARTINEZ CASTRO, J.M.Z., Alexander MARTINEZ HERNANDEZ, on behalf of themselves as individuals and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES; Ur JADDOU, Director, U.S. Citizenship and Immigration Services; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; Mary CHENG, Acting Director, Executive Office for Immigration Review,<br><br>Defendants. | Case No. 2:22-cv-00806-JHC<br><br>ORDER GRANTING MOTION FOR FINAL APPROVAL OF THE SETTLEMENT AGREEMENT |

WHEREAS, the above-captioned matter is pending before this Court as a certified class action (the Action[1]);

WHEREAS, the Parties made an application, under Federal Rule of Civil Procedure 23(e), for an order: (i) preliminarily approving the Settlement Agreement dated July 29, 2024, setting forth the terms and conditions for the settlement of the Action; (ii) approving the form of Class Notice, attached as Exhibit B to the Settlement Agreement; and (iii) scheduling a date for

---

[1] Capitalized terms not defined herein have the meaning ascribed to them in the Settlement Agreement attached hereto as Exhibit 1.

the Fairness Hearing, pursuant to Federal Rule of Civil Procedure 23(e), for the Court to consider and determine whether to approve the terms of the Settlement Agreement as fair, reasonable, and adequate, Dkt. # 73; and

WHEREAS, this Court issued a Preliminary Approval Order, Dkt. 76, approved the form of Class Notice, and held a Fairness Hearing on September 26, 2024, Dkt. # 78; and

WHEREAS, this Court has duly considered the arguments in favor of the Settlement Agreement, to which agreement there was no objection;

This Court hereby finds the Settlement Agreement to be fair, reasonable, and adequate, because:

1. Class Members were adequately represented by class representatives and Plaintiffs' counsel;
2. The Settlement Agreement was the product of arm's-length negotiations;
3. The Settlement Agreement provides Class Members with adequate relief; and
4. The Settlement Agreement treats Class Members equitably.

THEREFORE, the settlement of this Action under the terms and conditions of the Settlement Agreement is hereby approved pursuant to Federal Rule of Civil Procedure 23(e) and shall be binding on all parties to the Settlement Agreement: the Named Plaintiffs, Class Members, U.S. Citizenship and Immigration Services (USCIS), USCIS Director Ur Jaddou, Executive Office for Immigration Review (EOIR), and EOIR Acting Director Mary Cheng.  The terms, conditions, and releases as set forth in the Settlement Agreement are hereby effectuated.

1. The Court previously certified the class as follows:

> All noncitizens in the United States who have filed or will file with USCIS or EOIR a complete Asylum Application and who would be eligible for employment authorization under 8 C.F.R. § 274a.12(c)(8) but for the fact that their Asylum EAD Clock was stopped or not started prior to 180 days after the date the applicant filed a complete Asylum Application.

In addition, the Court certified the following subclasses:

**Remand Subclass.** Class members whose Asylum EAD Clocks were or will be stopped following a decision by an Immigration Judge and whose Asylum EAD Clocks are not or will not be started or restarted following an appeal in which either the BIA or a federal court of appeals remands their case for further adjudication of their asylum and/or withholding of removal claims.

**Unaccompanied Children Subclass.** Class members in removal proceedings who are unaccompanied children ("UCs") pursuant to 6 U.S.C. § 279(g) and whose Asylum EAD Clocks are not started or will be stopped while waiting for USCIS to adjudicate the filed Asylum Application.

**Change of Venue Subclass.** Class Members in removal proceedings whose removal proceedings have been or will be transferred to a different Immigration Court through a granted change of venue motion, and for whom EOIR has stopped or will stop the Asylum EAD Clock based solely on the change of venue.

These are the class and subclasses for purposes of the Agreement.

2. The Agreement is hereby incorporated by reference in this Order, and all terms or phrases used in this Order shall have the same meaning as in the Agreement.

3. The Agreement provides that Defendants shall pay Plaintiffs the amount of $163,508.50 in attorneys' fees and costs. The Court finds that the provisions for payment of attorneys' fees and costs are reasonable.

4. The Court shall retain jurisdiction over all disputes between and among the Parties arising out of the Agreement, including but not limited to interpretation and enforcement of the terms of the Agreement, except as provided in the Agreement and pursuant to the terms of the Agreement.

Dated this 26th day of September, 2024.

_____
John H. Chun
United States District Judge